UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00116-TBR


CHRISTOPHER HARVEY                                                    Plaintiff

v.

DARRYL CARR                                                         Defendant


## MEMORANDUM OPINION

This matter is before the Court upon Defendant Darryl Carr's Motion for Summary Judgment, (Docket No. 32). Plaintiff Christopher Harvey has responded. (Docket No. 36). Defendant has replied. (Docket #56). Accordingly, these matters now are ripe for adjudication. For the reasons that follow, Defendant's Motion will be GRANTED.


## BACKGROUND

Plaintiff Christopher Harvey alleges that Defendant Darryl Carr committed battery and violated Harvey's Constitutional rights by arresting Harvey. Carr is a police officer with the City of Benton Police Department. At this stage, "all evidence must be construed in the light most favorable to the party opposing summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 FN 2 (1986).

On July 12, 2012, Harvey was working as the manager of the Benton City Pool. Harvey's son Hunter Harvey was behind the counter in the concession stand, although Hunter was not an employee. Hunter spilled a soft drink and refused to clean up the spill. Karly Watkins, a pool employee, went to find Harvey and brought him to the concession

stand. Harvey told Hunter to clean up the spill. Hunter refused. Harvey insisted that Hunter clean up the spill. Hunter went "berserk," flipping his father off and shouting "Fuck You." (Docket #36). Harvey slapped Hunter in the face. (Docket #36). Harvey then put Hunter in a bear hug and the two wrestled, with Hunter going to the ground. (Docket #36). Watkins and Jeff Carroll, another pool employee, "closed the doors and pulled the blinds in the office so that the other customers would not see or hear what was going on." (Docket #36). A customer called the incident into the Benton Police Department.

Upon his arrival, Carr separately interviewed Harvey, his son Hunter, and Watkins. Harvey admitted to Carr that he had slapped Hunter in the face. (Docket #36). Hunter confirmed that his father had slapped him and put him in a bear hug. Hunter said that the slap "doesn't hurt anymore, it hurt for a couple of seconds when he slapped me though." (Docket #36). Watkins confirmed that Harvey had slapped Hunter. Carr also took a picture of Hunter's face. Harvey strongly argues that this picture is misleading because it shows the wrong side of Hunter's face and any redness on Hunter's face was due to acne.

Carr informed Harvey that he was charging him with fourth degree assault, a Class A misdemeanor. Ky. Rev. Stat. § 508.030. Carr handcuffed Harvey and put him in Carr's vehicle. Harvey alleges that Carr did not secure Harvey with a seatbelt.

Harvey's criminal case was brought before the Marshall County District Court. Before trial, Harvey moved to dismiss the assault charge for lack of probable cause. The court stated it could not rule on the motion to dismiss without first holding an evidentiary

hearing, which the court declined to do.  (Docket #32, Ex. 6).  A jury trial was held on November 15, 2013.  After the close of the prosecution's case-in-chief, Harvey moved for a directed verdict.  That motion was denied.  (Docket #32, Ex. 3).  After Harvey presented his defense, the jury found him not guilty of fourth degree assault.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact."  *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence.  To support this position, he must present evidence on which the trier of fact could find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment

inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

DISCUSSION

**I.      Probable Cause and Qualified Immunity.**

A police officer is entitled to qualified immunity from a wrongful arrest claim if the officer had probable cause at the time of the arrest. *Avery v. King*, 110 F.3d 12 (6th Cir. 1997); *Voyticky v. Timberlake*, 412 F.3d 669, 676 (6th Cir. 2005); *see also Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity) (citation omitted). The doctrine "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Greene v. Reeves*, 80 F.3d 1101, 1104 (6th Cir. 1996) (citing *Hunter*, 502 U.S. 224). Qualified immunity exists to "protect public officials "from undue interference with their duties from potentially disabling threats of liability by providing them breathing room to make reasonable but mistaken judgments." (citations and punctuation omitted). *Lerner v. Shinseki*, 2013 U.S. Dist. LEXIS 58678 *18 (W.D. Ky. 2013).

A police officer has probable cause to arrest a person "if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Henry v. United States*, 361 U.S. 98, 102 (1959). "The inquiry depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." (citation and punctuation omitted) *Logsdon v. Hains*, 492 F.3d 334, 341 (6th Cir. 2007). The officer is not required to "investigate

independently every claim of innocence" before making an arrest.  *Baker v. McCollan*, 443 U.S. 137, 146 (1979).  However, the officer must not "turn a blind eye toward potentially exculpatory evidence known to them."  *Ahlers v. Schebil*, 188 F.3d 365, 372 (6th Cir. 1999).

If an affirmative defense to the crime exists, the officer "may not ignore information known to him which proves that the suspect is protected by an affirmative legal justification."  *Painter v. Robertson*, 185 F.3d 557, 571 (6th Cir. 1999).  However, he is also not required to "conduct *quasi-trials* as a necessary predicate to the warrantless arrest of perpetrators."  *Id.* at 571, n. 21.  The officer "lacks a legal foundation" only if a "reasonable police officer would *conclusively know* that an investigative target's behavior is protected by a legally cognizable affirmative defense."  (emphasis in original) *Id.*; *Fridley v. Horrighs*, 291 F.3d 867, 873 (6th Cir. 2002).

Carr interviewed the suspect, the victim, and an independent witness.  Each confirmed that Harvey had slapped Hunter across the face.  These undisputed facts show that Carr had probable cause to believe Harvey committed fourth degree assault.  Harvey argues this probable cause should have been offset by the parental discipline justification found in Ky. Rev. Stat. § 503.110.  However, Carr could not have conclusively known at the time of the arrest that Harvey's use of force was "necessary to promote the welfare" of his son and was not designed to cause extreme pain or mental distress.  Ky. Rev. Stat. § 503.110;  *see Rhodes v. Pittard*, 485 Fed. Appx. 113, 116 (6th Cir. 2012) ("Here there is no reason to believe Scott should have 'conclusively known' that Pittard posed such a threat of trespass as to justify the violent shove from the porch that Rhodes admittedly delivered");  *Gooden v. City of Brunswick*, 2014 U.S. Dist. LEXIS 48338 *44 (N.D. Ohio

2014) ("Although Mummert may have been aware that Ms. Gooden had trespassed when she entered Plaintiff's home without permission, a reasonable officer in Mummert's position could not have conclusively known that Plaintiff was entitled under the Castle Doctrine to use physical force to remove his wife from the property").

## II.     Collateral Estoppel.

The Court has determined that Carr is entitled to qualified immunity because Carr had probable cause to arrest Harvey.  Carr alternatively argues that Harvey's claims are barred by collateral estoppel.  Harvey has raised a factual dispute which prevents Carr's second argument from being resolved on summary judgment.

Carr argues that the Marshall County District Court found probable cause to arrest Harvey when it denied Harvey's motion for a directed verdict in his criminal case.[1]  "In determining whether a state court's adjudication of an issue has preclusive effect for an action under § 1983, the Court must apply the collateral-estoppel law of that state."  *Butts v. Deibler*, 2013 U.S. Dist. LEXIS 94430 *19 (W.D. Ky. 2013).  "Kentucky law provides that collateral estoppel applies to issues actually litigated in a prior action where there is identity of the parties, identity of the issues, and the prior action was tried on the merits."  *Id*.  Kentucky courts have not directly addressed the preclusive effect of a judge's denial of a motion for directed verdict.  *Id*.  In a recent case, this Court adopted the persuasive authority of the Georgia Supreme Court:

_____

[1] Carr also argues that the Marshall County District Court found probable cause in a hearing prior to trial.  The Court agrees with Harvey that the Marshall County District Court stated it could not consider the matter unless an evidentiary hearing was held, denied Harvey's request for an evidentiary hearing, and told the parties to raise the issue again on a motion for directed verdict.  (Docket #36, Ex. 6).

the Georgia Supreme Court held that 'when the trial judge rules that the evidence is sufficient as a matter of law to support a conviction (that is, is sufficient to enable a rational trier of fact to find each and every element of the guilt of the accused beyond a reasonable doubt), . . . such a holding – unreversed and in the absence of fraud or corruption – should . . . suffice as to the existence of probable cause' for purposes of collaterally estopping a later § 1983 action for malicious prosecution. *Butts*, 2013 U.S. Dist. LEXIS 94430 *20 (citing *Monroe v. Sigler*, 256 Ga. 759 (Ga. 1987)).

This case is distinguishable from *Butts* because Harvey has strenuously argued that Carr supplied false information in his police report which contributed to Harvey losing his motion for a directed verdict. Harvey supports this argument with affidavits from Harvey and Hunter. Accordingly, Harvey has raised a factual dispute which prevents the Court from addressing Carr's collateral estoppel argument.

### III. Battery.

Finally, Harvey alleges that Carr committed battery when he transported Harvey without securing his seatbelt. Harvey does not allege that Carr drove recklessly or otherwise endangered Harvey while transporting him.

The failure to fasten an arrestee's seatbelt, even following a request to do so, does not violate a person's Constitutional rights absent other risk-enhancing factors. Compare *Lefler v. Unknown Party*, 2010 U.S. Dist. LEXIS 97901 *10 (W.D. Mich. 2010); *Turner v. Unknown Parties*, 2012 U.S. Dist. LEXIS 16674 *15 (W.D. Mich 2012); and *Vinson v. United States Marshals Serv.*, 2011 U.S. Dist. LEXIS 100371 *15 (D.S.C. 2011) (collecting cases) ("[T]he failure to restrain a prisoner with a seatbelt alone does not rise to the level of a constitutional violation.") with *Brown v. Mo. Dep't of Corr.*, 353 F.3d 1038, 1040 (8th Cir. 2004) (holding prisoners had a claim when correctional officers refused to fasten seatbelts, drove recklessly, and crashed).

Harvey's mere allegation that Carr failed to secure Harvey with a seatbelt is insufficient to support a claim of battery.

CONCLUSION

Carr has moved for summary judgment on Harvey's claims. For all of the foregoing reasons Carr's motion is GRANTED. A separate order and judgment shall issue.

cc:     Counsel